**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**JARRELL R. MATHERLY, JR., Administrator
of the Estate of JARRELL MATHERLY,**

      **Plaintiff,**

v.                                                 **Civil Action No.:** 5:25-cv-00474
                                                 **Honorable:** _____

**UNITED STATES OF AMERICA,**

      **Defendant.**

## COMPLAINT

Plaintiff, Jarrell R. Matherly, Jr., Administrator of the Estate of Jarrell R. Matherly, hereby files this Complaint suing the Defendant, Dr. Michael E. Gray, and asserts the following:

## JURISDICTION AND VENUE

1. Jarrell R. Matherly was, at all times material hereto, a resident of West Virginia.

2. Jarrell R. Matherly, Jr. (hereinafter "Plaintiff") is the son of Jarrell R. Matherly.

3. Jarrell R. Matherly, Jr. was appointed as Administrator of the Estate of Jarrell R. Matherly in Mercer County, WV.

4. On October 15 2022, Jarrell R. Matherly was the victim of medical malpractice of Dr. Michael E. Gray.

5. Dr. Michael E. Gray was, at all times material hereto, an employee of Community Health System, Inc. d/b/a AccessHealth.

6. At all times material hereto, Community Health System, Inc. d/b/a AccessHealth has multiple locations in Raleigh County, WV.

7. Dr. Michael E. Gray was, at all times material hereto, on loan by Community Health System, Inc. d/b/a AccessHealth to Raleigh General Hospital.

8. Raleigh General Hospital is located in Raleigh County, WV.

9. Community Health System, Inc. d/b/a AccessHealth is a federally supported Health Center, as contemplated by the Federally Supported Health Centers Assistance Act, as amended in 42 U.S.C. § 233.

10. Accordingly, Dr. Michael E. Gray was, at all times material hereto, an employee of the Government.

11. Consequently, this case is brought pursuant to the Federal Tort Claims Act.

12. Plaintiff submitted a Notice of Claim and Screening Certificate of Merit upon Defendant as required by the West Virginia Medical Professional Liability Act set forth in W. Va. Code §55-7B-6.

13. Plaintiff filed an administrative claim using Form 95, which was received by Claims Office of the Office of General Counsel, General Law Division of the Federal Government on October 15, 2024.

14. By letter dated January 29, 2025, received by Plaintiff on February 5, 2025, the claim was denied.

15. Accordingly, this case is now ripe for filing before this Court, and Plaintiff demands a bench trial pursuant to the Federal Tort Claims Act and venue in this Court is proper.

## FACTUAL BACKGROUND

16. On October 4, 2022, Jarrell R. Matherly was admitted to Raleigh General Hospital for altered mental status, weakness, and disorientation.

17. Over the course of eleven days Jarrell R. Matherly received multiple doses of alprazolam, Diazepam, Precedex, a continuous intravenous sedative, olanzapine, and ziprasidone, and was transferred to the Intensive Care Unit to treat persistent agitation.

18. On October 15, 2022, under the supervision of Dr. Michael E. Gray, Jarrell R. Matherly was prepared for discharge from Raleigh General Hospital.

19. At 0700 on October 15, 2022, the nursing staff at Raleigh General Hospital noted Jarrell R. Matherly was confused and attempted to exit his bed.

20. At 1100 on October 15, 2022, the nursing staff at Raleigh General Hospital noted Jarrell R. Matherly again attempted to exit his bed.

21. At 1222 on October 15, 2022, under the supervision of Dr. Michael E. Gray, Jarrell R. Matherly's discharge summary incorrectly stated it had been over twenty-four (24) hours since mechanical restraints or chemical restraints had been administered.

22. At 1500 on October 15, 2022, Jarrell R. Matherly had a score on the Richmond Agitation & Sedation of +3 indicating a highly aggressive nature and attempted to exit his bed.

23. At 1845, Jarrell R. Matherly was discharged from Raleigh General Hospital by Dr. Michael E. Gray to Beckley Healthcare Center without prescriptions to treat agitation or any consideration for his psychiatric condition.

24. Within a half an hour of being discharged from Raleigh General Hospital by Dr. Michael E. Gray, Jarrell R. Matherly fell at Beckley Healthcare Center while exiting his bed.

25. As a result of the fall, Jarrell R. Matherly sustained subdural hematomas, a subarachnoid hemorrhage, a displaced orbital fracture, displaced nasal fracture and acute anterior maxillary spine fracture.

26. Subsequent to the fall, Jarrell R. Matherly's condition deteriorated, and he died on November 13, 2022.

27. The cause of death identified on the Death Certificate of Jarrell R. Matherly is complications of blunt impact head injuries.

28. Dr. Michael E. Gray had a duty to supervise the staff at Raleigh General Hospital providing care to Jarrell R. Matherly, including, but not limited to other physicians, residents, and nursing staff.

29. Dr. Michael E. Gray and/or his agents' breaches in the standard of care, include, but are not limited to, the failure to cancel Jarrell R. Matherly's premature discharge to a skilled nursing facility.

30. Dr. Michael E. Gray's and/or his agents' breaches in the standard of care, include, but are not limited to, the failure to consider the transfer of Jarrell R. Matherly to an inpatient psychiatric facility for continued treatment for persistent agitation.

31. Dr. Michael E. Gray's and/or his breaches' in the standard of care, include, but are not limited to, the failure to administer as-needed sedatives for agitation and impulsiveness while Jarrell R. Matherly was hospitalized at Raleigh General Hospital.

32. Dr. Michael E. Gray's and/or his agents' breaches in the standard of care, include, but are not limited to, the failure to prescribe sedatives for agitation and impulsiveness upon discharge and transfer to Beckley Healthcare Center.

33. Dr. Michael E. Gray's and/or his agents' negligence and breaches in the standard of care were the direct and proximate result the fall of Jarrell R. Matherly on October 15, 2022, the injuries sustained in the October 15, 2022 fall, pain and suffering, and his death on November 13, 2022.

## COUNT I
## MEDICAL NEGLIGENCE

34. Plaintiff re-alleges and incorporates by reference all prior paragraphs and further states as follows:

35. This is an action for negligence pursuant to W.Va. Code § 55-7B-1, *et seq*.

36. Defendant, Dr. Michael E. Gray and/or his agents, had a duty to act with reasonable care in the provision of services to Jarrell R. Matherly during the course of his admission(s) to Raleigh General Hospital.

37. Defendant, Dr. Michael E. Gray and/or his agents, breached his duties to Jarrell R. Matherly as set forth hereinabove.

38. As a direct and proximate result of the negligence of the Defendant, Dr. Michael E. Gray and/or his agents, during Jarrell R. Matherly's admission(s) to Raleigh General Hospital and in the course and scope of his agency and employment, Jarrell R. Matherly sustained serious injuries.

39. As a direct and proximate result of the negligence of the Defendant, Dr. Michael E. Gray and/or his agents, committed during the relevant time periods in the

course and scope of his agency and employment, during the course of his admission(s) to Raleigh General Hospital, Jarrell R. Matherly sustained bodily injuries resulting in pain and suffering, mental anguish, inconvenience, physical impairment, loss of capacity for the enjoyment of life, aggravation of existing diseases and physical defects, and incurred medical expenses. The actions and omissions alleged above were willful and rise to the level of reckless, wanton disregard and punitive damages are warranted.

WHEREFORE, Plaintiff demands judgment against all Defendants, and seeks all damages allowable pursuant to the applicable law, including, all compensatory damages, as well as any other items that the Court sees fit to award and demands a trial before the Court on all issues.

## COUNT II
## WRONGFUL DEATH CLAIM

40. Plaintiff realleges and incorporates herein by reference all prior paragraphs and further states as follows:

41. This is an action for wrongful death pursuant to W.Va. Code § 55-7-5, *et seq*.

42. Plaintiff is the surviving son of Jarrell Matherly, deceased.

43. Defendant, Dr. Michael E. Gray and/or his agents had a duty to act with reasonable care in the provision of care and services to Jarrell Matherly during the course of his admission(s) at Raleigh General Hospital.

44. Defendant, Dr. Michael E. Gray, breached his duties to the decedent, Jarrell Matherly, by and through the acts and omissions of his agents, servants, and employees, both managerial and non-managerial, while acting in the course and scope of their

employment, and/or while acting in the scope of their agency relationship, in one or more of the ways described hereinabove.

45. As a direct and proximate result of the negligence of Dr. Michael E. Gray, employees, servants, and agents committed in the course and scope of their agency and employment, the decedent, Jarrell Matherly, suffered from systemic abuse and neglect causing significant injuries, which ultimately led or contributed to his death on or about November 13, 2022.

46. As a direct and proximate result of the negligence of Dr. Michael E. Gray, employees, servants, and agents committed in the course and scope of their agency and employment, Jarrell Matherly died and Jarrell Matherly, Jr. has sustained mental pain and suffering and loss of companionship as a result of his father's death.

47. As a direct and proximate result of the negligence of Dr. Michael E. Gray and his agents and/or employees, Plaintiff's survivors and/or estate have incurred medical expenses for the care and treatment of the conditions that led to his death and, additionally, the estate has incurred funeral expenses. The actions and omissions alleged above rise to the level of reckless, wanton disregard and punitive damages are warranted.

WHEREFORE, Plaintiff demands judgment against Defendant, and seeks all damages allowable pursuant to the applicable law, as well as all compensatory damages, as well as any other items that the Court sees fit to award and demands a trial before the Court on all issues.

**By Counsel.**

/s/Katherine H. Arritt
_____
**Jeff D. Stewart, Esquire (WVSB# 9137)**
**Andrew L. Paternostro, Esquire (WVSB# 5541)**
**Katherine H. Arritt, Esquire (WVSB# 10516)**
**Steven R. Broadwater, Esquire (WVSB# 11355)**
STEWART BELL, PLLC
Post Office Box 1723
Charleston, West Virginia 25326
(304) 345-1700 / (304) 345-1715 (Fax)
*Counsel for Plaintiff*